UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10856 MEL

HOWARD KAPLAN, )
    Plaintiff, )
)
)
)
v. ) CIVIL ACTION NO.
)
)
WEND MANAGEMENT, INC., )
WENDY'S OLD FASHIONED )
HAMBURGERS OF NEW YORK,)
    Defendants.    MAGISTRATE JUDGE Bowler
)

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. T.O.M
DATE 4-29-04

### COMPLAINT, REQUEST FOR COMPENSATORY AND CONSEQUENTIAL DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

#### INTRODUCTION

This is an action by the plaintiff, Howard Kaplan ("Kaplan"), against Wend Management, Inc. ("Wend") as franchisee and Wendy's Old Fashioned Hamburgers of New York ("Wendy's") as franchisor for their failure to provide adequate facilities to serve Kaplan, who is deaf, at the drive through window at their restaurant in Westborough, Massachusetts. Kaplan brings claims based upon 42 U.S.C. § 12182 and M.G.L. c. 272 § 98. By this action, Kaplan seeks damages against Wend and Wendy's for its failure to provide accommodations for his disability and injunctive relief ordering Wend and Wendy's to provide accommodations so that the deaf can be served at their drive through windows.

1

## PARTIES

1.   Plaintiff, Howard Kaplan, is an adult resident of Mansfield, Massachusetts.

2.   Defendant, Wend Management, Inc., is a Massachusetts for profit corporation located at 30 Turnpike Road, Unit #1, Southboro, Massachusetts. It operates a Wendy's restaurant as a franchisee at 30 Turnpike Road, Westborough, Massachusetts.

3.   Defendant, Wendy's Old Fashioned Hamburgers of New York, is a foreign corporation incorporated under the laws of Ohio. Wendy's principal place of business is 4288 W. Dublin Granville Road, Dublin, Ohio. Wendy's is a franchisor which granted a franchise to Wend. At all relevant times, Wendy's exerted control over the policies and procedures governing service at the restaurant located at 30 Turnpike Road, Westborough, Massachusetts.

## FACTS

4.   Kaplan restates and realleges paragraphs 1-3 as though fully incorporated herein.

5.   Kaplan is profoundly deaf. He has a limited ability to read lips and to speak. His speaking voice is unclear and difficult to understand.

6.   His primary method of communication is American Sign Language or writing.

7.   On April 29, 2001, Kaplan and a friend, Wally Carlson ("Carlson"), drove to Wendy's Restaurant at 30 Turnpike Road, Westborough, Massachusetts. Carlson is also deaf and does not speak or read lips.

8.   Kaplan and Carlson sought to buy food by using the drive through.

9.   Due to their disabilities, they could not use the microphone to order food.

10.  The restaurant had no means to accommodate their disability enabling them to use the drive-through. The only way to order food was through the microphone.

11. They attempted to order food by driving to the pick-up window where there was an employee to whom Kaplan could give a written description of his order. Kaplan has ordered food this way at other fast food restaurant drive through windows.

12. However, Kaplan was not permitted to order food at the pick-up window, despite his attempt to communicate to the employee at the window that he is deaf and needed to submit his order in writing.

13. After Kaplan had difficulty having his order taken by the employee at the window, the manager of the restaurant, Debra Nichols, came over.

14. Kaplan attempted to communicate to Nichols that he is deaf and attempted again to order his food in writing at the pickup window.

15. Although it is obvious that Kaplan is deaf, Nichols spoke angrily to him and angrily gestured for him to go around to the microphone to submit his order.

16. Kaplan repeated that he is deaf and asked again for his food.

17. Nichols responded with more speaking and angry gestures.

18. Kaplan gestured and asked for a pen and paper so that he could communicate with Nichols. Nichols refused to provide him with a pen or paper.

19. The interchange between Kaplan and Nichols continued for several minutes. During the interchange, Nichols threatened to call the police.

20. There was no attempt to serve Kaplan at the drive through in a way which accommodated his disability.

21. Defendants failed to provide a means by which Kaplan and other deaf or mute individuals could use the restaurant's drive through.

22. Defendants failed to adequately train their employees and managers as to how to accommodate deaf or mute individuals attempting to patronize their facilities.

23. As demonstrated through the incident described above, deaf or mute individuals cannot use Wendy's drive-through facilities.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Pursuant to federal and state law requirements, Kaplan exhausted his administrative remedies by filing a complaint with the Massachusetts Commission Against Discrimination.

### COUNT I
### VIOLATION OF 42 U.S.C.A. § 12182

25. Kaplan restates and realleges paragraphs 1-24 as though fully incorporated herein.

26. The Defendants' conduct, as set forth above, violates 42 U.S.C.A. § 12182.

### COUNT II
### VIOLATION OF M.G.L. c. 272, § 98

27. Kaplan restates and realleges paragraphs 1-24 as though fully incorporated herein.

28. The Defendants' conduct, as set forth above, violates M.G.L. c. 272, § 98.

### JURY DEMAND

Kaplan demands a jury trial on all claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Kaplan asks that this Court enter judgment in his favor and grant the following relief:

1. Order the Defendants to alter their current method of serving customers at the drive through to accommodate individuals with disabilities such as Kaplan;

2. Award Kaplan any compensatory damages due;

3. Award Kaplan reasonable attorney's fees and costs as provided by statute; and

4. Award Kaplan all other relief as this Court may deem appropriate.

> Respectfully submitted,
> HOWARD KAPLAN,
> By his attorneys,
>
> _____
> Shannon Liss-Riordan, BBO #640716
> Rebecca G. Pontikes, BBO # 637157
> PYLE, ROME, LICHTEN, & EHRENBERG, P.C.
> 18 Tremont Street, Suite 500
> Boston, Massachusetts 02108
> (617) 367-7200

DATE: April 29, 2004