UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HOWARD KAPLAN, | ) | |
|  | ) | CIVIL ACTION NO. 04-10856MEL |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| WEND MANAGEMENT, INC., | ) | |
| WENDY'S OLD FASHIONED | ) | |
| HAMBURGERS OF NEW YORK, | ) | |
|  | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Wend Management, Inc. ("Wend Management") and Wendy's Old Fashioned Hamburgers of New York, (collectively "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(6). Defendants assert that under Massachusetts law, they are not liable for the acts which Plaintiff alleges violate M.G.L. c. 272, § 98. Therefore, Count II of Plaintiff's Complaint, which alleges a violation of M.G.L. c. 272, § 98, must be dismissed.

**I.    FACTUAL BACKGROUND[1]**

This action arises from allegations made by Plaintiff Howard Kaplan ("Plaintiff"). According to Plaintiff's Complaint, Request for Compensatory and Consequential Damages, Injunctive Relieve, and Demand for Jury Trial (the "Complaint"), Plaintiff is a deaf man with the ability to read lips and speak. Complaint, ¶ 5. Plaintiff alleges that on April 29, 2001, he and a

---

[1]    For purposes of this motion, Defendants do not dispute the allegations contained in the Complaint, but do not waive their right to dispute these allegations at a later date.

friend, who is also deaf, went to a drive-through window at a Wendy's Restaurant at 30 Turnpike Road, Westborough Massachusetts to purchase food.  Complaint, ¶¶ 7, 8.  Plaintiff further alleges that Wend Management operates this Wendy's as a franchisee of Wendy's Old Fashioned Hamburgers of New York, which Plaintiff alleges "exerted control over the policies and procedures governing service at the restaurant" where the events in the Complaint allegedly took place.  Complaint, ¶¶ 3,4.

Plaintiff alleges that he attempted to purchase food by "driving to the pick-up window where there was an employee to whom [he] could give a written description of his order," but that he was not permitted to order food at the pick-up window.  Complaint, ¶¶ 11,12.  Plaintiff further claims that a manager at the Wendy's drive through angrily spoke and gestured to him and threatened to call the police.  Complaint, ¶¶ 18, 19.  In sum, Plaintiff claims that there "was no attempt to serve [him] at the drive through in a way which accommodated his disability."  Complaint, ¶ 20.  Based upon the actions of the employee and the manager at the pick up window, Plaintiff further alleges that: (1) Defendants did not properly train Wend Management's employees to accommodate deaf individuals attempting to patronize the restaurant; and (3) Defendants failed to provide a means by which Plaintiff could use the restaurant's drive through.  Complaint, ¶¶ 21, 22.

On August 15, 2001, Plaintiff filed a charge at the Massachusetts Commission Against Discrimination (the "MCAD") and the United States Department of Justice, Civil Rights Division.  On December 5, 2003, the MCAD issued a finding of Lack of Probable Cause to support Plaintiff's claim of discrimination and his allegations that he received unequal service based upon his disability of deafness.  On April 29, 2004, Plaintiff filed this action alleging that Defendants violated  42 U.S.C.A. § 12182 and M.G.L. c. 272, § 98.

## II.     APPLICABLE LAW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff.  *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). The court, however, need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir.1987) (quoting *Snowden v. Hughes*, 321 U.S. 1, 10 (1944)), *cert. denied*, 483 U.S. 1021 (1987).

In Count II of his Complaint, Plaintiff alleges that Defendants violated M.G.L. c. 272, § 98. General Laws c. 272, § 98 provides, in pertinent part:

> Whoever makes any distinction, discrimination or restriction on account of race, color, religious creed, national origin, sex, sexual orientation, which shall not include persons whose sexual orientation involves minor children as the sex object, deafness, blindness or any physical or mental disability or ancestry relative to the admission of any person to, or his treatment in any place of public accommodation, resort or amusement, as defined in section ninety-two A, or whoever aids or incites such distinction, discrimination or restriction, shall be punished by a fine of not more than twenty-five hundred dollars or by imprisonment for not more than one year, or both, and shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifty-one B.

A place of public accommodation is "any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public." M.G.L. c. 272, § 92 A.

## III.    DEFENDANTS ARE NOT LIABLE FOR THE ACTIONS THAT PLAINTIFF ALLEGES VIOLATE  M.G.L. c. 272, § 92.

Here, Count II of Plaintiff's Complaint is based upon the actions of two employees of one Defendant, Wend Management.  However, employers are not liable for criminal acts of their employees, such as those which violate M.G.L. c. 272, § 98, a criminal statute. *Jones v. City of Boston,* 738 F.Supp. 604, 606 (D.Mass. 1990).  In *Jones*, a hotel guest brought an action against a hotel owner, a bartender employed by the hotel, and a manager employed by the hotel, for

3

federal civil rights violations pursuant to Title 42 U.S.C. §§ 1981, 1985, and 2000a, for state law violations pursuant to M.G.L. c. 272, § 98 and M.G.L. c. 12, § 11, and for common law offenses. The plaintiff's claims were based on the allegations that he was called a racial slur by the bartender when he was patronizing the bar at the hotel and that he was asked to leave the hotel by its manager after being escorted from the bar to the hotel lobby.

Upon motion by the employer hotel, the Court granted summary judgment to the employer on the M.G.L. c. 272, § 98 claim, explaining that M.G.L. c. 272, § 98, is a criminal statute which enforces civil rights laws and that the employer "[was] not liable for a criminal act of its employee." *Id*. See also, *Lopez v. Howth, Inc.*, 2002 WL 31677202, *2 (Mass. Super. Ct. Oct. 23, 2002), judgment affirmed by *Lopez v. Howth, Inc.,* 60 Mass.App.Ct. 1126 (Mass. App. Ct. 2004) (since M.G.L. c. 272, § 98 is a criminal statute which enforces civil rights laws, employer is not liable for act of its employee which allegedly violated M.G.L. c. 272, § 98)

The facts here are similar to those in both *Jones* and *Lopez*. Here, Plaintiff claims that two employees of Defendant Wend Management committed actions that violate M.G.L. c. 272, § 98, a criminal statute. These alleged actions, because they violate a criminal statute, are criminal actions. It is clear that under Massachusetts law, an employer is not liable for the criminal actions of its employees. Thus, Defendant Wend Management is not liable for the actions that Plaintiff claims violated M.G.L. c. 272, § 98, and Count II of the Complaint should be dismissed as to it.

Defendant Wendy's Old Fashioned Hamburgers of New York is even further removed from the alleged actions at issue in this case. Plaintiff alleges, incorrectly, that Wendy's Old Fashioned Hamburgers of New York is the franchisor of the Wendy's where the employees who allegedly violated M.G.L. c. 272, § 98, were employed. Based upon this alleged relationship,

Plaintiff seeks to hold Wendy's Old Fashioned Hamburgers of New York vicariously liable for the actions of Wend Management's employees.  Even if Plaintiff's claim that Wendy's Old Fashioned Hamburgers of New York is the franchisor of Wend Management was true, which it is not, Wend Management, as discussed above, is not liable for the actions of its employees.  Thus, there is no basis for holding Wendy's Old Fashioned Hamburgers of New York liable for these actions.  Accordingly, Count II of Plaintiff's Complaint should be dismissed as to Defendant, Wendy's Old Fashioned Hamburgers of New York.

## CONCLUSION

For the reasons set forth above, Defendants Wend Management, Inc. and Wendy's Old Fashioned Hamburgers of New York, respectfully request that this Court dismiss Count II of Plaintiff's Complaint, Request for Compensatory and Consequential Damages, Injunctive Relieve, and Demand for Jury Trial pursuant to Fed. R. Civ. P. 12(B)(6).

> WEND MANAGEMENT, INC. and
> WENDY'S OLD FASHIONED
> HAMBURGERS OF NEW YORK,
>
> By their attorneys,
>
> */s/*     Gary M. Feldman
> _____
> Gary M. Feldman, BBO #162070
> Kathryn Connors Soderberg BBO #653978
> **DAVIS, MALM & D'AGOSTINE, P.C.**
> One Boston Place
> Boston, MA  02108
> (617) 367-2500

Dated:  June 10, 2004