UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOWARD KAPLAN,<br><br>  Plaintiff,<br>v.<br><br>WEND MANAGEMENT, INC.,<br>WENDY'S OLD FASHIONED<br>HAMBURGERS OF NEW YORK,<br><br>  Defendants. | CIVIL ACTION NO. 04-10856MEL |

## MOTION FOR LEAVE TO FILE REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

Defendants, Wend Management, Inc. ("Wend Management") and Wendy's Old Fashioned Hamburgers of New York, (collectively "Defendants") respectfully request leave to file the attached Reply Brief To Plaintiff's Opposition To Defendants' Motion To Dismiss Count II Of Plaintiff's Complaint. In support of this motion, Defendants state that a Reply Brief is needed to refute the inaccurate and misleading statements of law contained in Plaintiff's Opposition.

**WHEREFORE,** Defendants Wend Management, Inc. and Wendy's Old Fashioned Hamburgers of New York respectfully request that this Court grant leave for Defendants to file the Memorandum In Reply To Plaintiff's Opposition To Motion To Dismiss Count II Of Plaintiff's Complaint, which is attached hereto as **Exhibit A**.

WEND MANAGEMENT, INC. and<br>
WENDY'S OLD FASHIONED<br>
HAMBURGERS OF NEW YORK,<br>
By their attorneys,<br>
/s/    Gary M. Feldman<br>
<br>
Gary M. Feldman, BBO #162070<br>
Kathryn Connors Soderberg, BBO #653978<br>
<b>DAVIS, MALM & D'AGOSTINE, P.C.</b><br>
One Boston Place<br>
Boston, MA 02108<br>
(617) 367-2500<br>
Dated: July 21, 2004

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOWARD KAPLAN,<br>　　　　Plaintiff,<br><br>v.<br><br>WEND MANAGEMENT, INC.,<br>WENDY'S OLD FASHIONED<br>HAMBURGERS OF NEW YORK,<br><br>　　　　Defendants. | CIVIL ACTION NO. 04-10856MEL |

## MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

As Defendants Wend Management, Inc. and Wendy's Old Fashioned Hamburgers of New York ("Defendants") demonstrated in their motion to dismiss filed on June 14, 2004, the claim of Plaintiff, Howard Kaplan, alleging a violation of G.L. c. 272, § 98, should be dismissed because under Massachusetts law Defendants are not liable for the acts which Plaintiff alleges violate G.L. c. 272, § 98. In their motion to dismiss, Defendants rely upon cases that are on directly point. In contrast, in his Opposition to Defendants' Motion To Dismiss, Plaintiff largely relies upon decisions by courts which either do not even mention G.L. c. 272, § 98 or do not decide any issue relating to G.L. c. 272, § 98 because such issues were not before the Court. Thus, Plaintiff's Opposition does nothing to undermine the clear legal dictate set forth in the cases cited to by Defendants in their Motion to Dismiss, that employers are not liable under G.L. c. 272, § 98 for the criminal acts of their employees. Accordingly, Plaintiff's claim for a violation of G.L. c. 272, § 98 must be dismissed.

2

### Plaintiff's Cases Do Not Support His Argument That Defendants Are Liable Under G.L. c. 272, § 98 For The Criminal Acts Of One Defendant's Employees.

In his motion, Plaintiff largely relies upon three decisions as the basis for his Opposition to Defendants' Motion to Dismiss. However, none of these decisions is relevant to the issue before the Court. First, Plaintiff cites to *Webster v. The TJX Companies, Inc. d/b/a/ as TJ Maxx*, 2004 WL 1431055 (Mass. Super. April 23, 2004) as being "directly on point" and defeating Defendants' argument that they are not liable for the criminal acts of the employees of Defendant Wend Management. Even a cursory review of this decision makes clear that the only issue before the court was whether the plaintiff's Civil Rights Act claim was precluded by her allegation of a claim under G.L. c. 272, § 98. Neither party raised the issue of whether an employer is liable for the criminal acts of its employees under G.L. c. 272, § 98, and the Court did not discuss it. Accordingly, this decision is not "directly on point"; in fact, it is does not even speak to the issue before this Court.

The second of the cases upon which Plaintiff primarily relies in his Opposition, *Commonwealth v. Umberto U.*, 54 Mass. App. Ct. 1118 (2002), is similarly inapplicable here. Plaintiff cites to *Umberto U.* for the proposition that Section 98 "'establishes both criminal penalties and civil liability' when one of its provisions is violated." Opposition, p. 4. Contrary to Plaintiff's repeated misstatements, Defendants do not deny that civil penalties are also provided for under G.L. c. 272, § 98. However, as the holdings in the cases cited by Defendants in their Motion to Dismiss, *Jones v. City of Boston*, 738 F.Supp. 604, 606 (D. Mass. 1990) and *Lopez v. Howth, Inc.*, 2002 WL 31677202, *2 (Mass. Super. Ct. Oct. 23, 2002), make clear, the fact that criminal penalties are also provided for means that G.L. c. 272, § 98 is a criminal statute.

The final case upon which Plaintiff primarily relies, *Sarvis v. Boston Safe Deposit and Trust Company*, 47 Mass. App. Ct. 86 (1999), is likewise inapplicable here. *Sarvis* does not address whether employers are liable for the acts of it employees under G.L. c. 272, § 98. In fact, *Sarvis* does not even mention G.L. c. 272, § 98. *Sarvis* stands for the proposition that under

the Massachusetts Civil Rights Act an employer may be liable pursuant to the theory of *respondeat superior* for the acts of employees committed within the scope of their employment, but makes no mention of G.L. c. 272, § 98.

The remaining material citations relied upon by Plaintiff in his opposition are decisions by the Massachusetts Commission Against Discrimination, and are not binding authority on this Court.

## CONCLUSION

For the foregoing reasons, as well as those stated in Defendant's opening brief, Plaintiff's claim for a violation of G.L. c. 272, § 98 should be dismissed.

Dated: July 21, 2004

WEND MANAGEMENT, INC. and
WENDY'S OLD FASHIONED
HAMBURGERS OF NEW YORK,

By their attorneys,

/s/   Gary M. Feldman

Gary M. Feldman
BBO #162070
Kathryn Connors Soderberg
BBO #653978
**DAVIS, MALM & D'AGOSTINE, P.C.**
One Boston Place
Boston, MA 02108
(617) 367-2500

J:\Ashton\WEND MANAGEMENT\Kaplan\PLEADINGS\Reply.doc