UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10856MEL

|  |  |
|---|---|
| HOWARD KAPLAN, | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| WEND MANAGEMENT, INC., | ) |
| WENDY'S OLD FASHIONED | ) |
| HAMBURGERS OF NEW YORK, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**JOINT PRE-TRIAL SCHEDULING STATEMENT**

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1, the parties hereby submit the following Joint Pre-trial Scheduling Statement.

1.    Statement of the Claim

This case arises out of the Plaintiff's allegations that the Defendants have failed to accommodate the deaf and hard of hearing at the drive thru windows in their restaurants. In the afternoon of April 29, 2001, the Plaintiff, Howard Kaplan alleges that he and a friend drove through a Wendy's drive-thru located in Westboro, Massachusetts owned by the Defendant, Wend Management as a franchisee of Wendy's International, Inc.[1] The Plaintiff claims that he and his friend attempted to order food. The Plaintiff is a hearing impaired person who alleges that the Defendants do not properly accommodate the deaf and hard of hearing at their drive thru windows. As a result, Plaintiff claims that he and his friend as well as other deaf and hard of hearing individuals have not received service and have been denied equal access to the drive thru window. He seeks redress in this Court under both federal and state statutes. The Plaintiff alleges that the basis of jurisdiction is federal question jurisdiction.

The Defendants dispute the Plaintiff's allegations and state that they did not violate any federal or state statutes, did not deprive the Plaintiff of equal access to the drive-thru window, or otherwise fail to accommodate the deaf and hard of hearing. At the time of the Plaintiff's alleged incident the Defendants had specific and detailed procedures in place to accommodate the Plaintiff's hearing impairment and such were

---

[1] Presently before the Court is an Assented To Motion to Amend the Complaint in which Wendy's International, Inc. has been substituted for Wendy's Old Fashioned Hamburgers of New York as the proper defendant along with Wend Management, Inc.

actually implemented.  The Defendants contest the nature and extent of any alleged damages resulting from the Plaintiff's alleged incident.

    2.    <u>Proposed Agenda for the Scheduling Conference</u>

The parties have conferred regarding discovery and other pre-trial matters and propose the following agenda for the scheduling conference:

    a.    Possibility of the case being converted into a class-action lawsuit
    b.    Initial Disclosure timelines by plaintiff and defendant
    c.    Proposed Discovery Schedule
    d.    Proposed Motion Schedule
    e.    Discussion of Alternative Dispute Resolution
    f.    Discussion concerning trial by Magistrate Judge.  At this point, the parties do not agree to a trial by a Magistrate Judge.

    3.    <u>Joint Scheduling Proposal</u>

The parties propose the following schedule for discovery:

| | |
|---|---|
| Initial Disclosure pursuant to Fed. R. Civ. P. 26(a)(1) by plaintiff | June 3, 2005 |
| Initial Disclosure pursuant to Fed R. Civ. P. 26(a)(1) by defendant | June 24, 2005 |
| Completion of all non-expert discovery | January 13, 2006 |
| Plaintiff's Rule 26 Expert Disclosure | February 10, 2006 |
| Defendant's Rule 26 Expert Disclosure | March 14, 2006 |
| Completion of Expert Discovery | May 15, 2006 |
| Filing of Dispositive Motions including those for Summary Judgment | June 9, 2006 |
| Final Pre-trial conference | to be scheduled by the Court in July, 2006 |

    4.    <u>Proposed Motion Schedule</u>

All dispositive motions, including those for summary judgment, will be filed and served by June 9, 2006.  Any opposition to such motions will be filed within twenty-one (21) days after service of the motion.

5.    Settlement Discussions

The Plaintiff has presented a settlement demand to the Defendants prior to the Scheduling Conference. Although the parties intend to discuss and will continue to discuss the possibility of settlement, no settlement has been reached at the present time.

6.    Certification

The parties' certifications required by Local Rule 16.1(D)(3) were previously filed under separate cover.

Respectfully submitted,

Plaintiff,                                              Defendants,
By his attorneys,                                  By their attorneys,


 /s/ Rebecca Pontikes                          /s/ John J. Ryan
Shannon E. Liss-Riordan, BBO #640716    John J. Ryan, Jr., BBO#435620
Rebecca Pontikes, BBO#637157            Mathew P. Barry, BBO#657559
Pyle, Rome, Lichten & Ehrenberg, P.C.   Ryan, Coughlin & Betke, LLP
18 Tremont Street Suite 500             175 Federal Street
Boston, MA 02109                        Boston, MA 02110
(617) 367-4820                          (617) 988-8050


Dated: April 20, 2005