UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 104-CV-10856 MEL

|  |  |
|---|---|
| HOWARD KAPLAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| WEND MANAGEMENT, INC., WENDY'S INTERNATIONAL, INC, | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

The defendants, Wend Management, Inc., Wendy's International, Inc., in the above titled action hereby make this their Answer to the plaintiff's Amended Complaint and demand for a jury trial. If not specifically addressed herein, the defendants deny any and all assertions/claims made against them.

### PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Amended Complaint and call upon the plaintiff to prove the same.

2. The defendants admit the allegations contained in paragraph two of the Amended Complaint.

3. The defendants admit the allegations contained in sentences one, two and three of paragraph three of the Amended Complaint. The defendants deny the allegations contained in sentence four of this paragraph.

## FACTS

4. The defendants incorporate herein by reference its answers to paragraphs one through three of the Amended Complaint and re-allege the same as if fully set forth herein.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Amended Complaint and call upon the plaintiff to prove the same.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Amended Complaint and call upon the plaintiff to prove the same.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Amended Complaint and call upon the plaintiff to prove the same.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the Amended Complaint and call upon the plaintiff to prove the same.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Amended Complaint and call upon the plaintiff to prove the same.

10. The defendants deny the allegations contained in paragraph ten of the Amended Complaint.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Amended Complaint and call upon the plaintiff to prove the same.

12. The defendants deny the allegations contained in paragraph twelve of the Amended Complaint.

13. Defendants admit that the plaintiff was using the drive-thru facilities at the Wendy's restaurant located at 300 Turnpike Road and that Wendy's employee Debra Nichols attempted to provide drive-thru service to the plaintiff. The Defendants deny the rest of the allegations in paragraph thirteen.

14. The defendants admit that the plaintiff was provided with a pen and paper with which to place his order. The defendants deny the rest of the allegations contained in paragraph fourteen.

15. The defendants deny the allegations contained in paragraph fifteen of the Amended Complaint.

16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Amended Complaint and call upon the plaintiff to prove the same.

17. The defendants admit that Ms. Nichols communicated with the plaintiff in a professional manner in an attempt to serve him. The defendants deny the rest of the allegations in paragraph seventeen of the Complaint.

18. The defendants deny the allegations contained in paragraph eighteen of the Amended Complaint.

19. The defendants admit that the plaintiff was at the Wendy's restaurant drive-thru for several minutes on the date in question and that the defendants' employees attempted to serve the plaintiff in a professional manner. The defendants admit that Ms. Nichols called 911 to report the plaintiff's rude and threatening behavior after being threatened with death by the plaintiff while he was using the Wendy's drive-thru. The defendants deny the remainder of plaintiff's allegations in paragraph nineteen.

20. The defendants deny the allegations contained in paragraph twenty of the Amended Complaint.

21. The defendants deny the allegations contained in paragraph twenty-one of the Amended Complaint.

22. The defendants deny the allegations contained in paragraph twenty-two of the Amended Complaint.

23. The defendants deny the allegations contained in paragraph twenty-three of the Amended Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Amended Complaint and call upon the plaintiff to prove the same.

## COUNT I
## VIOLATION OF 42 U.S.C.A. § 12182

25. The defendants incorporate herein by reference its answers to paragraphs one through twenty-four of the Amended Complaint, and re-allege the same as if fully set forth herein.

26. The defendants deny the allegations contained in paragraph twenty-six of the Amended Complaint.

## COUNT II
## VIOLATION OF M.G.L. c. 272, § 98

27. The defendants incorporate herein by reference its answers to paragraphs one through twenty-six of the Amended Complaint, and re-allege the same as if fully set forth herein.

28. The defendants deny the allegations contained in paragraph twenty-eight of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants say that the plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants say that the plaintiff's Amended Complaint is barred by reason of the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants say that the acts complained of were not committed by a person(s) for whose conduct the defendants were legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendants were thereby prejudiced, wherefore the plaintiff is barred from recovery.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants say that the plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants say that the plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for failure to set forth any facts that support any allegation that the defendants aided or incited a distinction, discrimination or restriction to any person under M.G.L. c. 272 § 98.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for failure to set forth any facts that support any allegation that the defendants aided, abetted, incited, compelled or coerced the doing of any discriminatory acts forbidden by M.G.L. c. 151B or attempted to do so.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for failure to set forth any facts which support any violations of the Americans With Disabilities Act.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for a failure to state facts which support an allegation of a distinction, discrimination or restriction on account of race, color, religious creed, national origin, sex, sexual orientation, deafness, blindness or any physical or mental disability or ancestry, relative to the admission or any person to, or his treatment in any place of public accommodation pursuant to M.G.L. c. 272 §98.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for a failure to state facts which support an allegation of discrimination under M.G.L. c. 151B.

## TWELTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be dismissed for the plaintiff's failure to comply with and/or exhaust his administrative remedies set forth under M.G.L. c. 151B.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the Amended Complaint must be dismissed as the defendants are not liable for the acts alleged in the plaintiff's Amended Complaint that relate to alleged violations of M.G.L. c. 272 §98 as the acts complained of were not committed by a person(s) for whose conduct the defendants were legally responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint must be dismissed because the plaintiff is precluded from pursuing any federal or state court claims against the defendants based upon on the incident alleged in his Amended Complaint pursuant to the mandates set forth in M.G.L. c. 151B, specifically his use of the Massachusetts Commission Against Discrimination's claims adjudication process.

WHEREFORE, the defendants say that the plaintiff's Amended Complaint against them should be dismissed, that the plaintiff's prayer for relief should be denied in its entirety and that judgment be entered for the defendants together with their costs.

## JURY CLAIM

Defendants demand a jury trial on all claims asserted by the plaintiff.

        Respectfully submitted.

        The Defendants,
        By their attorneys,

        /s/ John J. Ryan Jr.
        John J. Ryan, Jr., BBO #435620
        Mathew P. Barry, BBO #657559
        Ryan, Coughlin & Betke, LLP
        175 Federal Street
        Boston, MA 02110
        (617) 988-8050

Dated: May 16, 2005