UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 104-CV-10856 MEL

HOWARD KAPLAN, )
)
       Plaintiff, )
v. )
)
WEND MANAGEMENT, INC., )
WENDY'S INTERNATIONAL, INC. )
)
       Defendants. )
)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS the plaintiff, Howard Kaplan, (hereinafter "Plaintiff"), in an action entitled Howard Kaplan v. Wend Management, Inc. and Wendy's International, Inc., U.S.D.C. Civil Action No. 104-CV-10856, (hereinafter "Lawsuit") has requested documents from the defendants, Wend Management, Inc. and Wendy's International, Inc. (hereinafter collectively referred to as "Defendants"), which involve personal information, trade secrets, confidential research, proprietary materials and development and/or commercial information (hereinafter "Confidential Information") belonging to the Defendants; and

It being represented to the Court that the Defendants are willing to provide certain Confidential Information for inspection and review under a Confidentiality Agreement and Protective Order upon the hereinafter stated terms and conditions; and

That this "Confidentiality Agreement and Protective Order" shall apply equally to any discovery responses produced by either the Plaintiff or the Defendants; therefore,

It is hereby ORDERED that:

1.    The parties to the Lawsuit will disclose the requested Confidential Information to the extent said documents exist, that they designate "Confidential" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2.  This order shall govern all Confidential Information revealed in discovery, by either the Plaintiff or Defendants, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by the Defendants or any other party or third-party. With respect to transcribed deposition testimony, Confidential Information shall be designated as such by giving written notice to opposing counsel designating such portions of the testimony as "Confidential" no later than fourteen (14) calendar days after the receipt of the transcribed testimony.

3.  A party producing documents that it believes constitute or contain Confidential Information shall produce copies bearing a label/stamp signifying that it is confidential.

4.  A party may object to the designation of Confidential Information by notifying the designating party in writing within fourteen (14) days of receipt of said documents. The parties shall promptly confer in an effort to resolve their differences. If the parties cannot reach a resolution, the designating party shall within forty-five days serve a motion for protective order. All documents designated "confidential" shall continue to remain subject to this agreement unless and until the Court rules otherwise.

5.  Any and all of the aforesaid materials disclosed by the parties and the contents thereof, shall be maintained in confidence by counsel for the parties.

6.  Any and all of the aforesaid Confidential Information disclosed by the parties and the contents thereof, shall be used only in connection with the Lawsuit and shall not be used for any other purpose whatsoever.

7.  No person who examines any document designated as "confidential" produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

8.  All Confidential Information shall be used solely for the purpose of maintaining the present litigation including any appeals or retrials, and not for any other purposes. Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation.

9.  Before any Confidential Information is disseminated or disclosed to any of the parties, witnesses or experts, each expert shall (a) read the Confidentiality Agreement and Protective Order in its entirety; and, (b) sign a written agreement stating that such person agrees to the provisions of this Agreement and consents to the jurisdiction of this Court for appropriate proceedings in the event of any violation of this Order. Any documents provided to experts must be returned to the disclosing party within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of this Confidentiality Agreement and Protective Order.

10. Subject to the foregoing, nothing in this agreement will prevent counsel from examining or otherwise inquiring of any witness about the contents of confidential records either in a deposition or at trial, arbitration or mediation of the case; nor shall anything in this agreement prevent counsel from offering the confidential documents as exhibits at trial, arbitration or mediation of the case.

11. Nothing in this agreement shall restrict the parties' right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure or to seek a protective order preventing disclosure or limiting the discovery of Confidential Information.

12. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

13. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Confidentiality Agreement and Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary materials.

14. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal by judgment order or otherwise, all of the confidential materials disclosed as part of this lawsuit, including any and all copies, or renditions made from the materials, shall be returned to the disclosing party within thirty (30) days.

15. In the event that there is a breach of the terms of this Order, the non-breaching party may seek the appropriate sanctions, including but not limited to attorneys fees and the costs associated with the enforcement of this Order.

Assented To:

Plaintiff,
Howard Kaplan
By his attorneys,

Shannon E. Liss-Riordan, BBO #640716
Rebecca G. Pontikes, BBO #637157
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street Suite 500
Boston, MA 02109
(617) 367-4820

Defendants,
Wend Management, Inc.
Wendy's International, Inc.
By their attorneys,

John J. Ryan, Jr., BBO#435620
Mathew P. Barry, BBO#657559
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

Dated: September 6th, 2005

SO ORDERED:

_____
Morris E. Lasker
United States District Court Judge for the
District of Massachusetts

DATED: September 12, 2005